UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCKINLEY PIERCE ATKINS,<br><br>        Plaintiff,<br><br>    v.<br><br>E. RIOS, et al.,<br><br>        Defendants. | Case No. 1:20-cv-00193-ADA-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR STAY AND FOR THE APPOINTMENT OF COUNSEL**<br><br>(Doc. 56) |

Plaintiff McKinley Pierce Atkins is proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    RELEVANT PROCEDURAL BACKGROUND**

On September 15, 2022, the previously assigned magistrate judge issued Findings and Recommendations to Grant Defendants' Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies. (Doc. 52.)

On October 5, 2022, the Court issued an order granting Plaintiff an extension of time within which to file objections to the Findings and Recommendations. (Doc. 54.) Objections are to be filed within 30 days of the date of service of the order. (*Id.*)

On October 31, 2022, Plaintiff filed a document titled "Plaintiff's Request for Leave: 1. Constitutional Challenge(s) of the Court Requiring Immediate Stay of Any/All Case Decisions in this Matter; 2. Appointment of Counsel." (Doc. 56.)

## II. DISCUSSION

### A. Plaintiff's Request

To begin, the undersigned notes that Plaintiff's request alleges several unsubstantiated conclusions in support of his requests in the "Forward" section of his pleading. (Doc. 56.) For example, Plaintiff claims it is "documented" that magistrate judges in the district court "keep prisoner lawsuits at bay and [] deny cases in order to reduce case law, for a multitude of reasons. PLRA is one." (*Id*. at 2.) Plaintiff further alleges the Court employs "'safe word[s]'" "to justify aberant [sic] reduction in case loads." (*Id*.) Plaintiff also contends the California Department of Corrections and Rehabilitation (CDCR) takes advantage of prisoners "using the supposed experience of 'jail house lawyers'" to their advantage, inferring that advantage is an unfamiliarity with Prison Litigation Reform Act (PLRA) requirements. (*Id*. at 3.)

Plaintiff contends this Court must "stay this case, make the case sit without making any decision until every constitutional challenge is satisfactorally [sic] and pragmatically resolved according to constitutional law." (*Id*.) Plaintiff states "[t]here is further evidence of violations to stare decisis and Article VI, Clause 2-The Supremacy Clause." (*Id*.)

In his "Introduction," Plaintiff contends he is to be paroled in January 2023 and that he and his family are arranging "for attorney assistance to take over this case, well experienced in injury law, the Constitution, and 42 U.S.C. § 1983." (Doc. 56 at 4.) Plaintiff states he has established "good cause" to "stay all proceedings until at such time all challenges are competently answered pursuant to constitutional law and certified" so that Plaintiff may "proceed, turning his case over to competent counsel." (*Id*.)

Under the heading "Violation of Constitutional Law," Plaintiff contends the district court "is required by federal statute and pursuant to 28 U.S.C. § 2403, 'to clarify and certify to the appropriate attorney general that (a) statute(s) have been questioned and challenged.' No case can be dismissed or decided prior to outcome of each constitutional challenge." (Doc. 56 at 5, emphasis in original.) Plaintiff cites precedent concerning the United States Supreme Court's obligation to interpret the Constitution (*id*. at 5-6) before proceeding to make several legal conclusions and to ask a number of questions pertaining to the authority of both CDCR and this

2

Court to make determinations in Plaintiff's case. (*Id*. at 6-8.) Under the heading "Relief," Plaintiff asks this Court to "deny summary judgment as moot," plainly referring to Defendants' motion for summary judgment for a failure to exhaust administrative remedies, for which Findings and Recommendations have already been issued. (*Id*. at 9.) Further, Plaintiff contends that while "damages are not automatic," "CDCR and defendant(s) have already admitted guilt by offering Plaintiff a settlement." (*Id*.) He contends his "priority is untainted justice" and seeks to obtain nominal, punitive, and compensatory damages "not to be taken from state taxpayers," but by way of "lien [on] all retirement income, stocks, bonds, investments, bank accounts, all real/personal properties, et seq." of the Defendants. (*Id*.)

**B. Analysis**

Initially, the undersigned notes Plaintiff's request does not affect the fact his objections to the pending Findings and Recommendations are due on November 4, 2022. In other words, if Plaintiff intends to file objections, he remains obligated to do so timely and the instant motion does not affect the deadline for filing said objections.

**1. 28 U.S.C. § 2403**

Title 28 of the United States Code, section 2403,[1] provides in relevant part:

> (a) In any action, suit or proceeding in a court of the United States to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The United States shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

Where 28 U.S.C. § 2403 applies, certification is mandatory, even where the claim is obviously frivolous or may be disposed of on other grounds. *See Wallach v. Lieberman*, 366 F.2d 254, 257 (2d Cir. 1966). Here, section 2403(a) does not apply.

---

[1] § 2403(a) pertains to federal statutes, while § 2403(b) pertains to state statutes.

The action initiated by Plaintiff proceeds against Defendants D. De Lussa and E. Rios, correctional employees of the State of California. The United States is not a party to the action, nor is any agency, officer or employee thereof. While Plaintiff's request can be interpreted to challenge the "constitutionality of any Act of Congress"—here, the Prison Litigation Reform Act (PLRA), 42 U.S.C. 1997e—the Court does not find the statute applicable because the constitutionality of the act is not drawn into question.

As the Ninth Circuit has explained:

> Though the Supreme Court authority interpreting the phrase "drawn into question" is not of recent vintage, it is clear: [¶] The validity of a statute is not drawn in question every time rights claimed under such statute are controverted, nor is the validity of an authority, every time an act done by such authority is disputed. The validity of a statute or the validity of an authority is drawn in question when the existence, or constitutionality, or legality of such statute or authority is denied, and the denial forms the subject of direct inquiry.

*Peruta v. County of San Diego*, 771 F.3d 570, 575 (9th Cir. 2014), rev'd en banc, 824 F.3d 919 (9th Cir. 2016) (quoting *United States v. Lynch*, 137 U.S. 280, 285 (1890)).

Plaintiff's operative complaint did not challenge the constitutionality of the PLRA or whether the CDCR's administrative procedures are unconstitutional because those procedures "abrogate and change" the Eighth Amendment protections against cruel and unusual punishment. Nor does Plaintiff's operative complaint question whether a district court determination concerning the exhaustion of administrative remedies amounts to a similar abrogation and/or change (*see* Doc. 22 [first amended complaint]), as Plaintiff argues in the instant motion.

In this case, the validity of the PLRA is not drawn into question because Plaintiff's complaint never raised the issue directly. Plaintiff raised the issue only after the previously assigned magistrate judge found that Plaintiff had failed to exhaust his administrative remedies as required by the PLRA, amounting only to rights claimed or a dispute by Plaintiff about the act done under such authority. *Peruta*, 771 F.3d at 575; *see also United States v. Zadeh*, 820 F.3d 746, 754 (5th Cir. 2016) (the constitutionality of a Texas statute that precluded disclosure of physician-patient confidential communications was not drawn into question in government's suit seeking to enforce administrative subpoena against physician pursuant to Controlled Substances

4

Act, as would trigger notice to and opportunity for Texas attorney general to intervene in suit prior to resolution; although state had some interest in suit raising preemption challenge to a state law governing physician patient privilege, the interest was only to the extent it had been raised by the doctor as a justification for noncompliance with a lawful federal subpoena for patient records, and suit did not involve striking down state law as substantively unconstitutional); *Phillips v. Smalls*, 2020 WL 4922230, at *1 (W.D. Wash. Aug. 21, 2020) ("the Second Amended Complaint does not question the 'constitutionality of any statute of [the] State affecting public interest'"); *DeBose v. Brown*, 2013 WL 5402234, at *1 (N.D. Cal. Sept. 26, 2013) (finding § 2403(b) not applicable where the state governmental parties were "plentiful" and the amended complaint did not call into question any state statute); *Sykes v. Sweeney*, 638 F.Supp. 274, 277-78 (E.D. Miss. July 2, 1986) (certification to Missouri Attorney General was not required in action alleging violation of due process rights by suspension and expulsion of student from high school, where complaint did not attack constitutionality of Missouri statute providing for school suspensions).

Plaintiff is attempting to invoke 28 U.S.C. § 2403(a) for his own legal shortcomings. As a result, and for the reasons stated above, this Court rejects Plaintiff's invocation of 28 U.S.C. § 2403(a).

### 2. Stay of the Proceedings

Out of an abundance of caution, the Court also construes Plaintiff's request as a motion for stay of the proceedings generally. The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

The Supreme Court explained the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254-55. To evaluate

whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55)). The Supreme Court explained, "If there is even a fair possibility that the stay ... will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255.

Here, Plaintiff, as the party seeking a stay, has not made out a clear case of hardship or inequity.

First, the Court finds Defendants will suffer damage were the Court to grant Plaintiff's request for a stay because the previously assigned magistrate judge has already issued Findings and Recommendations concerning Defendants' motion for summary judgment for Plaintiff's failure to exhaust his administrative remedies. (Doc. 52.) In so doing, the magistrate judge carefully considered the facts, the parties' positions and the evidence. (*Id.* at 3-21.) Notably too, in his opposition, Plaintiff did not argue as he does here; rather, Plaintiff argued exhaustion was unavailable to him because prison officials failed to respond. (*See* Doc. 48.)

Second, the Court finds Plaintiff will not suffer hardship or inequity in being required to go forward. As noted above, the issue of administrative exhaustion was decided against Plaintiff by the assigned magistrate judge. Plaintiff may object to the pending Findings and Recommendations. And while Plaintiff may not raise new arguments in his objections— arguments such as those he attempts here—the assigned district judge will consider the pending Findings and Recommendations *de novo*, or anew, including any objections by Plaintiff, to ensure the assigned magistrate judge's determinations are legally sound. Until the district judge issues an Order concerning the Findings and Recommendations, they are not final.

Third, considering the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay,

the Court finds a stay in this action is not warranted on this basis. Certainly, even were the Court inclined to certify constitutional questions to the attorney general—it is not—the issues and questions of law posed by Plaintiff are complications affecting the orderly course of justice.

Simply put, Plaintiff is not entitled to a stay of these proceedings.

### 3. Appointment of Counsel

Next, regarding Plaintiff's assertion that he and his family intend to seek the assistance of counsel "to take over this case" (Doc. 56 at 4), as noted above, Plaintiff is currently representing himself in these proceedings. Should Plaintiff and his family retain an attorney to represent Plaintiff in these proceedings, the attorney will file the appropriate documentation with the Court. *See, e.g.*, Local Rules 131, 135(g), 180, 182.

To the degree Plaintiff seeks appointment of an attorney by the Court, his request will be denied.

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998). Additionally, the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

Here, the Court does not find the required exceptional circumstances because Plaintiff's case is not extraordinary. Plaintiff's action proceeds against Defendants De Lussa and Rios on a claim of deliberate indifference to serious medical needs. Such claims are common to prisoner civil rights litigation and the Court is faced with similar cases almost daily.

Additionally, while the Court recognizes that Plaintiff may be at a disadvantage due to his *pro se* status and his incarceration, inability to investigate, and to present evidence and adequately cross-examine witnesses, the relevant test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case"). The test is whether exceptional circumstances exist, and here, they do not. Normal challenges faced by *pro se* litigants do not warrant appointment of counsel. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because the plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by pro se litigants"); *Faultry v. Saechao*, 2020 WL 2561596, at *2 (E.D. Cal., May 20, 2020) (stating that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel" and noting that the "impacts of the COVID-19 health crisis on prison operations are also common to all prisoners"); *Courtney v. Kandel*, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel).

Next, the Court considers whether Plaintiff is likely to succeed on the merits. Following consideration of Defendants' motion for summary judgment addressing the issue of exhaustion, the previously assigned magistrate judge issued Findings and Recommendations to grant Defendants' motion for Plaintiff's failure to exhaust. (Doc. 52.) Those findings are now pending before the assigned district judge. If the district judge adopts the findings in full, Plaintiff will not succeed as to the merits of his claim. In fact, his case will be dismissed.

Further, based on a review of the record to date, the Court is unable to find that Plaintiff cannot adequately articulate his claims. Plaintiff has diligently litigated his case for more than two a half years. Plaintiff has participated in a settlement conference. (*See* Doc. 40.) He has filed numerous motions or requests and responses (s*ee, e.g.*, Docs. 10, 13, 15, 17, 21, 25, 53) and opposed Defendants' summary judgment motion (Doc. 48).

In sum, the Court concludes exceptional circumstances do not exist that would justify the appointment of counsel in this action.

Finally, the Court additionally finds that Plaintiff's intention to seek the assistance of legal counsel is not a basis for a stay of these proceedings for the reasons previously expressed.

### III.    CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a stay and the appointment of counsel (Doc. 56) is DENIED.

IT IS SO ORDERED.

Dated:   **November 4, 2022**            _____
                                         UNITED STATES MAGISTRATE JUDGE